**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VERONICA MANZANEREZ-BUSTAMANTE,<br><br>              Petitioner,<br><br>      v.<br><br><br><br>WARDEN, Adelanto ICE Processing Center, MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; ICE FIELD OFFICE DIRECTOR, Los Angeles Field Office and TODD BLANCHE, Attorney General of the United States, in their official capacities,<br><br>              Respondents. | NO. 5:26-cv-02734-KS<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [DKT. NO. 3]** |

1

Before the Court is the Motion for Temporary Restraining Order ("TRO Motion") filed by Petitioner Veronica Manzanerez-Bustamante on May 20, 2026.  (Dkt. No. 3.)  Also on May 20, 2026, Petitioner voluntarily consented to have a Magistrate Judge conduct all further proceedings in this case, including entry of judgment.  (Dkt. No. 4.)  Petitioner, who is currently detained in Immigration and Customs Enforcement ("ICE") custody at the Adelanto ICE Processing Center ("Adelanto"), seeks a temporary restraining order ("TRO"): (1) restraining Respondents from removing Petitioner from the United States; (2) preventing Petitioner's transfer outside the jurisdiction of the United States District Court for the Central District of California; and (3) ordering "immediate release on bond or parole pending the Court's review of the pending Petition for Writ of Habeas Corpus."  (Dkt. No. 3 at 2.)

On May 28, 2026, Respondents filed an Opposition to the TRO Motion.  (Dkt. No. 11.)  On May 29, 2026, the Court heard oral argument and took the matter under submission for expedited resolution.  (Dkt. No. 12.)  For the reasons discussed below, Petitioner's TRO Motion is **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a native and citizen of Mexico who has "resided continuously in the United States since approximately 1995."  (Dkt. No. 3 at 4.)  "She is the mother of three United States citizen children and has no criminal history."  (*Id.*)  Petitioner has been detained at the Adelanto since November 2025, "following immigration proceedings in which she was denied bond on the basis of alleged flight risk."  (*Id.*)  Petitioner maintains that she has remained in prolonged detention at Adelanto despite her extensive family ties within the United States, including her three U.S. citizen children.  (*Id.*)  Petitioner argues that "Respondents have failed to demonstrate by individualized evidence that Petitioner presents a danger to the community or that detention is necessary to ensure [her] appearance at future proceedings."  (*Id.*)

Petitioner argues that the denial of release violates the Due Process Clause of the Fifth Amendment because the Immigration Judge ("IJ") "failed to meaningfully consider less restrictive alternatives to detention, including electronic monitoring, supervision, reporting requirements, or other conditions capable of ensuring compliance with immigration proceedings." (*Id.*)  In seeking emergency injunctive relief, Petitioner urges that emergency relief is warranted here because "Petitioner suffers continuing irreparable harm through the deprivation of liberty." (*Id.* at 4-5.)  Petitioner also maintains that she is likely to succeed on the merits of her habeas petition because "the custody determination relied primarily on conclusory findings of flight risk without adequate individualized analysis," and the government "did not properly weigh Petitioner's lack of criminal history, long-term residence, family ties, and eligibility for less restrictive alternative detention." (*Id.* at 5.)

Petitioner further argues that the balance of equities favor release here because Petitioner does not present a danger to the public, and Respondents have other means "short of incarceration to ensure compliance with future immigration proceedings." (*Id.*)  Finally, Petitioner insists that emergency relief is warranted because Petitioner faces "imminent risk of removal, transfer, and continued detention." (*Id.*)  Accordingly, Petitioner seeks a TRO "directing Respondents to immediately release Petitioner on a reasonable bond or appropriate conditions of supervision pending resolution of the habeas petition." (*Id.* at 6.)

In their opposition, Respondents insist that Petitioner is not entitled to emergency relief and that she has received adequate due process in her previous immigration proceedings. (Dkt. No. 11 at 1.)  Respondents point out that Petitioner "confirms that she was recently provided with a *Rodriguez* bond hearing where DHS established by clear and convincing evidence that she was a flight risk." (*Id.*)  On that basis, Respondents maintain that the Petition and the TRO Motion should be denied.  (*Id.*)

\\

3

At the hearing on the TRO Motion, counsel for Respondents emphasized that because Petitioner had a *Rodriquez*[1] hearing on March 13, 2026, Petitioner must seek redress for any alleged legal deficiency or error in that hearing through an appeal to the Board of Immigration Appeals ("BIA") and must exhaust administrative remedies before presenting her case in the district court.  (*Id.* at 6.)  Indeed, Respondents urge that "Petitioner fails to demonstrate why the BIA should be bypassed at this procedural juncture."  (*Id.* at 1.)

## LEGAL STANDARDS

### I.   Temporary Restraining Orders and Preliminary Injunctions

Federal Rule of Civil Procedure 65 provides that a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury."  Fed. R. Civ. P. 65(b).  The standard for issuing a temporary restraining order and preliminary injunction is the same.  *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020) (internal citation omitted); *see Stuhlbarg Int'l Sales Co. v John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that TROs and preliminary injunctions involve "substantially identical" analyses).  Both represent "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 22 (2008).

Under *Winter*, a party seeking a TRO must establish the following elements: (1) a likelihood of success on the merits; (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tip in the plaintiff's favor; and (4) that the public interest favors an injunction.  *Wells Fargo & Co. v. ABD Ins. & Fin. Servs. Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20).  These elements, referred to as the "*Winter* factors," can be balanced on a sliding scale whereby "a stronger

---

[1] *Rodriguez v. Robbins,* 804 F.3d 1060 (9th Cir. 2015).

showing of one element may offset a weaker showing of another." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021); *All. For the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  Under this approach, a TRO may be warranted when there are "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. For the Wild Rockies*, 632 F.3d at 1135 (quoting *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008)).

## II.    Due Process

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law.  *See* U.S. Const., amend. V.  These protections extend to noncitizens present in the United States.  *See, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (per curiam) (internal quotation marks omitted) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in the context of removal proceedings."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."); *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) (internal quotation and alterations omitted) ("The Fifth Amendment entitles [nioncitizens] to due process of law in deportation proceedings.").  Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process . . . ." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

The Due Process Clause provides both procedural and substantive protections.  *See, e.g.*, *Regino v. Staley*, 133 F.4th 951, 959 (9th Cir. 2025) (internal quotation omitted) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process.").  To determine whether detention violates procedural

due process, courts frequently apply the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the *Mathews* test to a constitutional challenge to detention pursuant to 8 U.S.C. § 1226(a)). Under *Matthews*, courts weigh three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 332, 335.

"Substantive due process protects individuals from state action that interferes with fundamental rights." *Regino*, 133 F.4th at 959-60. Governmental action that infringes a fundamental right is constitutional only if "the infringement is narrowly tailored to serve a compelling state interest." *Reno v. Flores*, 507 U.S. 292, 302 (1993). By contrast, governmental action that does not infringe a fundamental right survives "substantive-due-process scrutiny so long as [the action is] rationally related to legitimate government interests." *Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1085 (9th Cir. 2015) (internal quotation omitted). To assess whether there has been a violation of a fundamental right, courts begin with "a careful description of the asserted fundamental liberty interest." *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997) (internal quotation marks omitted). With that description in mind, courts must then decide whether the asserted interest is "objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if it was sacrificed." *Khachatryan v. Blinken*, 4 F.4th 841, 858 (9th Cir. 2021) (internal quotation and alterations omitted).

\\

\\

\\

6

**DISCUSSION**

Here, there is no question that Petitioner is entitled to the protections of procedural and substantive due process with respect to her immigration detention. *See Trump v. J.G.G.*, 604 U.S. at 673; *Zadvydas*, 533 U.S. at 693; *Hussain v. Rosen*, 985 F.3d at 642. Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process." *Hernandez*, 872 F.3d at 981.

However, in this case, the first *Winter* factor, Petitioner's likelihood of success on the merits of her claims, does not tip in Petitioner's favor to warrant a TRO or preliminary injunctive relief. While Petitioner has been detained at the Adelanto facility since November 2025, "on May 12, 2026, Petitioner received a custody redetermination hearing at which the [IJ] denied bond." (Dkt. No. 1 at 4.) Petitioner contends that the hearing, where the IJ concluded that Petitioner poses a "flight risk," was not sufficiently individualized because there is no record evidence indicating—or even suggesting—that the IJ gave any individualized consideration to Petitioner's specific circumstances and characteristics, such as Petitioner's long residence in the United States, lack of criminal history, and the fact that she has deep community ties, including three children who are U.S. citizens. (*Id.*) In addition, Petitioner maintains that "[t]he denial of release failed to meaningfully consider less restrictive alternatives to detention, including electronic monitoring, supervision, reporting requirements, or other conditional capable of ensuring compliance with immigration proceedings." (*Id.*) Petitioner thus challenges the IJ's substantive conclusions reached after the hearing.

But, as Respondent emphasize, this Court's ability to review an IJ's detention hearing determination is quite limited by statute. (*See* Dkt. No. 11 at 2-3 (citing 8 U.S.C. § 1226(e).) Indeed, § 1226(e) expressly commits immigration bond determinations to agency discretion, and the Supreme Court has noted that "§ 1226(e) precludes [a noncitizen] from challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has

made regarding his detention or release." (*Id.* at 3 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (cleaned up).) Thus, to the extent Petitioner contends the IJ's bond determination was deficient, her remedy is to file an administrative appeal to the Board of Immigration Appeals ("BIA"), which she appears to have already done. (*See* Dkt. No. 1 at 4, Ex. G.) *See Marroquin Ambriz v. Barr*, 410 F. Supp.3d 953, 960 (N.D. Cal. 2019); *Martinez v. Scott*, No. 2:25-CV-01538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, No. C25-1538 TSZ, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025) (dismissing habeas petition for failure to exhaust administrative remedies where detainee argued bond hearing violated due process because the IJ refused to allow witnesses to testify and failed to properly question the petitioner's witnesses).

Petitioner has also failed to satisfy the second *Winter* factor in that she has not demonstrated any irreparable harm she will suffer beyond detention itself while she pursues her appeal before the BIA. Therefore, the Court concludes that preliminary relief is not warranted at this time.

## CONCLUSION

For the reasons discussed above, the Court DENIES Petitioner's TRO Motion.

DATE: June 2, 2026

_____
HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE

8